## U. S. G. Tabor v. N. D. Tabor.

(Decided February 9, 1926.)

### Appeal from Carter Circuit Court.

1. Quieting Title—Finding of Chancellor for Plaintiff Held Not Against Preponderance of Evidence.—In suit to quiet title to land for which defendant claimed to have exchanged other land with

plaintiff, finding of chancellor for plaintiff held not against preponderance of evidence.

2.   Appeal and Error—Judgment Affirmed, if it Cannot be Said with Reasonable Certainty that Chancellor has Erred.—If, upon the whole case, mind be left in such doubt that it cannot be said with reasonable certainty that chancellor has erred, judgment will be affirmed.

THEOBALD & THEOBALD for appellant.

WAUGH & HOWERTON for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

Appellee, N. D. Tabor, instituted this equitable action against U. S. G. Tabor to quiet his title to a very small triangular tract of land on Main street in Olive Hill, Kentucky, and to enjoin appellant from trespassing upon it. By answer appellant claimed to own the same tract of land. The trial of the case resulted in a judgment for plaintiff, now appellee, and appellant has appealed.

The pleadings admit and appellee filed herein his title papers showing that the tract of land in controversy as a part of a larger tract formerly was owned by appellant, U. S. G. Tabor, but was conveyed by him to appellee, N. D. Tabor, on April 21, 1895. The small tract of land in controversy herein is referred to in the record as triangle No. 1. Another small tract of land known in the record as triangle No. 2 plays a considerable part. Appellant by his answer pleaded that after he had conveyed the tract to appellee in 1895, which included the tract in controversy herein, he or his wife repurchased a portion of it from appellee in 1902. The line to which he claims then to have repurchased so divided the land as to leave triangle No. 1 on appellee's side of it and triangle No 2 on appellant's side. Appellee pleaded further that several years ago a street which ran through the property was changed and relocated and that as changed triangle No. 1 belonging to appellee was left on appellant's side of the street, and triangle No. 2 belonging to appellant was left on appellee's side of the street; and that thereafter he and appellee exchanged those tracts of land the one for the other, he thereby becoming the owner of triangle No. 1, the tract claimed and described in plaintiff's petition. Appellee by reply traversed the answer. Each

by his testimony sustained his pleadings. Appellant depended for his ownership of the tract of land which he claims to have traded to appellee in exchange for the tract claimed by appellee herein upon establishing by proof that after his conveyance of the tract of land to appellee in 1895, he subsequently repurchased the tract of land he claims to have traded to appellee. Both the small tracts known as triangle No. 1 and triangle No. 2 were included in the deed from appellee to appellant made in 1895. Appellant did not file in evidence any deed showing that appellant reconveyed any of the land to him. He wholly failed to establish by proof that appellee ever reconveyed to him or his wife any portion of the tract conveyed by them to him in 1895. So far as the evidence found in this record is concerned triangle No. 2, which appellant contends he traded to appellee for triangle No. 1, has been the property of appellee since it was conveyed to him by appellant in 1895. Appellant testified that he and appellee exchanged triangle No. 2 for triangle No. 1 and executed a joint deed to effect the exchange. A witness for him testified that he wrote the deed and took the acknowledgment of both appellant and appellee. The deed was not produced and was never recorded. Appellee denied that he signed or acknowledged the deed or that appellant ever had title to triangle No. 2 after he (appellee) acquired it by the deed of 1895. The decisive fact in the record, it seems to this court, is the fact that appellant failed to establish by filing his deed herein the fact that he repurchased from appellee a part of the tract conveyed to him in 1895, including the small tract referred to in the record as triangle No. 2, which he claims to have exchanged with appellee for the tract described in the petition. Upon the whole case it can not be said with reasonable certainty that the chancellor has erred, and the case clearly falls within the rule often announced by this court that if upon the whole case the mind be left in such doubt that is can not be said with reasonable certainty that the chancellor has erred, the judgment will be affirmed.

Judgment affirmed.