## Tabor v. Tabor.

(Decided March 25, 1932.)

WAUGH & HOWERTON for appellant.

JOHN M. THEOBALD, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This case involves the title to the same land that was in contest in the case of U. S. G. Tabor v. N. D. Tabor, 213 Ky. 309, 280 S. W. 136; but in that case the present appellee was the appellant and the present appellant was the appellee. In that case the appellee was adjudged, as between him and his brother, the appellant therein, to be the owner of the small triangular parcel of land in contest located in Olive Hill, Carter county, Ky., but the opinion did not describe it. However, the petition in that case as amended, as did also the judgment therein, contained a description of it, and which was and is, after stating the county and town:

> "Beginning on the south side of Main Street in the line of U. S. G. Tabor land, which he purchased from Odom Wallace, at a point opposite a walnut, which stands on the north side of the road or store (street); thence running with the line of U. S. G. Tabor in a southerly direction forty-six feet to a point intersecting the street and thence in a northerly direction to Main Street; thence running west twenty feet and eight inches to the beginning."

That opinion was rendered on February 9, 1926, and in due time it became final, and the mandate from this court was issued and filed in the Carter circuit court. On March 5, 1928, the present appellee filed his petition against the present appellant in the same court, in which he conceded that appellee, and defendant therein, was the owner of the land adjudged to him in the former litigation between them as the same was determined in the case, supra, but he averred that he owned adjoining land to that triangle, and that defendant therein (appellant here) was trespassing upon his adjoining land. The answer denied any trespasses on any such adjoining land, and the case remained on the docket without further action until some time after March 31, 1930, on which day the present appellant and plaintiff below filed this equity action in the same court against appellee and defendant below, seeking to enjoin the latter from constructing a building which plaintiff claimed was partly located on the triangular lot adjudged to him in the case, supra. He further asked that defendant be mandatorily required to restore plaintiff's portion of the lot to the condition it was in before beginning the work of construction.

Defendant denied that any part of his building was on any portion of plaintiff's lot so adjudged to him, and asked that his title be quieted to the lot upon which his contemplated building was being erected. The action was then consolidated with the one previously brought by appellee against appellant, and, upon submission, after proof taken, the court adjudged that U. S. G. Tabor had not trespassed upon any part of the triangle of land adjudged to appellant, and plaintiff herein, and dismissed the latter's petition, with a quieting of the title of the appellee in and to the lot upon which his building (a garage) was erected, it having been completed in the meantime; and from that judgment plaintiff prosecutes this appeal.

It at once will be seen that the only question in the case is the location on the ground of the triangle described in the petition and in the judgment in the case, reported in 213 Ky., supra. That location is comparatively easy when the beginning point is found. It is located, according to the description, "on the south side of main street in the line of U. S. G. Tabor's land, which he purchased from Odom Wallace, at a point

opposite a walnut, which stands on the north side of the road or street." The briefs indulge in considerable discussion as to the correct meaning and application of the word "opposite"; but for the purposes of this case we do not deem it necessary to determine that question, since other language in the description, when applied to the evidence introduced and heard in both this and the former case between the same parties, clearly point out what was meant in the description by the employment of that word. The proof in both cases showed that, on what is referred to in the record as the north side of Main street, stands a walnut tree, which all parties agree is the one referred to in the description. At a point on the south side of that street, and at practically right angles across it, is the north terminus of the line of the lot purchased by appellee, U. S. G. Tabor, from Odom Wallace, and which is about 28 or 29 feet west from the Baptist Church property, and which distance is the number of feet fronting on Main street that appellee purchased from Odom Wallace.

It would, therefore, seem that the case presents but little room for argument upon the question as to the true location of the beginning corner of the contested triangle, and which we now determine to be on the south side of Main street at a point where a line drawn at practically right angles across it (and running from the walnut tree standing on its north side) would strike its south side at a point in the line of the land purchased by appellee from Odom Wallace. From that point the description bounds the triangle, and makes its north line along the south side of Main street as being about 20 feet and 8 inches.

On the other hand, the appellee contends and the court so held, that the beginning corner of the triangle adjudged to appellant in the reported case, supra, was and is at a point on the south side of Main street where a line running from the walnut tree on a bearing of south 67 degrees east would cross the south side of that street, and its extension would make the hypotenuse to the triangle. The beginning point, if located in that manner would be about 12 feet east of the Odom Wallace line opposite the walnut tree, and would make the length of appellant's north line bordering on Main street only, about 8 feet instead of 20 feet 8 inches. The other lines of the triangle would be correspondingly reduced, and

which would reduce the amount of land in contest to a comparatively infinitesimal quantity.

We could well rest this opinion on our interpretation of the judgment in the reported case, supra, without reference to any of the evidence appearing in the present record, since the parties are bound, under the well-recognized rule of res adjudicata, by that judgment whether right or wrong, but the reproduction of the facts in this case demonstrates the correctness of the location of the described triangle as first above given, as well as the incorrect location as contended for by appellee. A reading of the 213 Ky. opinion, supra, will show that the present appellee, who was the appellant in that case, contended that he, or his wife, had purchased from the present appellant in 1901 or 1902 a lot of land which includes the present site of his building, and which, if true, would render him innocent of the trespass charged in this case. But that opinion expressly determined that he had never made any such purchase, and, of course, never acquired any land from appellant so claimed to have been purchased by him, and because of that finding that question is also res adjudicata, and it is not a subject of inquiry in this case.

The parties appear to have gotten the boundaries of their respective lots in a more or less tangled and confused condition, but our former opinion is the law with reference to the involved matters as between the parties and their privies, and, as above pointed out, we see practically no room for discussion as to the correct location of the beginning corner of the contested triangle, which being so located makes the other lines of the boundary, of easy ascertainment. It is therefore our conclusion that appellant is the owner of the land bordering on the south side of Main street for a distance of about 20 feet and 8 inches, beginning at the point above described, and beyond which, and extending eastwardly, it is conceded that defendant's new building is located for a distance of 11 or 12 feet.

Wherefore the judgment is reversed, with directions to set it aside and to enter one consistent with this opinion, and to also permanently enjoin defendant, U. S. G. Tabor, from continuing to permit his building to occupy any portion of plaintiff's lot as is herein adjudged and located, and for other necessary proceedings not inconsistent with this opinion.